# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SONIA MORENO-AVALOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:16-cv-172 |
| | ) |
| CITY OF HAMMOND INDIANA, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion for Order of Partial Dismissal, filed by Defendants, Thomas McDermott, Tom Dabertin, Kim Nordhoff, Kurt Koch, and Darren Taylor, on December 2, 2016 (DE #55). For the reasons set forth below, the motion for partial dismissal (DE #55) is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** any and all official capacity claims made under 42 U.S.C. § 1983 against Defendants McDermott, Koch, Nordhoff, Dabertin, and Taylor. The Clerk is also **ORDERED** to **DISMISS WITH PREJUDICE** any and all individual capacity claims made under 42 U.S.C. § 1983 against Defendants McDermott, Taylor, and Dabertin. This case remains pending against defendant, the City of Hammond Indiana. Additionally, Counts IV, V, and VII remain pending against Defendant Nordhoff.

**BACKGROUND**

Plaintiff alleges in her second amended complaint that on November 7, 2011, she made a complaint to Mayor Thomas McDermott and his assistant, Tom Dabertin, against the City of Hammond Building Commissioner, Kurt Koch, and a City of Hammond Inspector, Kim Nordhoff, "seeking to petition a governmental redress of grievance." (DE #53, Count I ¶ 1.) Moreno-Avalos alleges that one month later, the City of Hammond retaliated by ordering the demolition of her building. (*Id.* ¶ 2.)

The second amended complaint goes on to allege that on September 26, 2013, Moreno-Avalos filed a lawsuit in the Northern District of Indiana. (*Id.* ¶ 9.) On January 30, 2015, the Court made a ruling on the pleadings in favor of the City of Hammond. (*Id.*) Four months later, the City of Hammond demolished Moreno-Avalos' property. (*Id.*) Plaintiff asserts that the City of Hammond demolished her property because she made complaints to the Mayor's office and filed a lawsuit about alleged unfair treatment and illegal building citations. (*Id.*)

Defendants make the instant motion under Federal Rule of Civil Procedure Rule 12(b)(6), requesting that all of the official capacity claims under section 1983 be dismissed against Defendants McDermott, Koch, Nordhoff, Dabertin, and Taylor; and that the individual capacity claims under section 1983 be dismissed against Defendants McDermott, Dabertin, and Taylor. Defendant, City of

2

Hammond Indiana, does not join this motion to dismiss; thus the claims against it remain pending. Additionally, Defendants specifically move for dismissal and discuss the section 1983 claims against the Defendants (which are set forth in Counts I-III of the second amended complaint), but make no mention or set forth any argument about the other claims set forth in Counts IV-VII. As such, Counts IV-VII remain pending in this action.

Plaintiff filed a response on December 11, 2016 (DE #59). Defendants filed a reply on December 13, 2016 (DE #61). Consequently, the current motion is fully briefed and ripe for adjudication.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp.*

3

*v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

I. <u>Official Capacity Claims Against the Individual Defendants</u>

Plaintiff has sued the City of Hammond, Indiana, as well as the named defendants. "If a plaintiff seeks to sue public officials in their personal capacities or in both their personal and official capacities, the plaintiff should expressly state so in the complaint." *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). In this case, Plaintiff does not specify in the caption of the lawsuit whether the individual defendants have been sued in their individual or official capacities (or both). If the plaintiff fails to specify the capacity in which the defendant is sued, the Court ordinarily construes a section 1983 complaint against defendants as in their official capacity only. *Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997); *Rangel v. Reynolds*, 607

F.Supp.2d 911, 921 (N.D. Ind. 2009).

The court should "also consider the manner in which the parties have treated the suit" in determining the capacity under which the defendant is being sued. *Stevens*, 131 F.3d at 707 (quoting *Conner v. Reinhard*, 847 F.2d 384, 394 n.8 (7th Cir. 1988)). Here, in Count I, Plaintiff alleges that Kurt Koch, "in his official capacity as Commissioner of Buildings, prohibited the Plaintiff from petitioning the Mayor to address her grievance against Building Inspector Kim Nordhoff" and that count states it is against "Kim Nordhoff, in her official capacity, and Kurt Koch in his official capacity." (DE #53 at 3, 5.) Count II is labeled a section 1983 claim against "Kim Nordhoff, in her official capacity, and Kurt Koch in his official capacity." (DE #53 at 6.) Count III is labeled a section 1983 claim against "Kim Nordhoff, in her official capacity, and Darren Taylor in his official and individual capacity." (*Id.* at 8.) Thus, with the exception of defendant Taylor (who was specifically named in his individual capacity in the body of the complaint), when Plaintiff did specify in the body of the complaint the capacity in which the defendants were being sued, it was in their official capacity.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690

5

n.55 (1978)). If a plaintiff brings suit against a government entity, any claim against an officer of that entity in his or her official capacity is redundant and should be dismissed. *Comer v. Housing Auth. of City of Gary, Ind.*, 615 F.Supp.2d 785, 789-90 (N.D. Ind. 2009); see also *Graham*, 473 U.S. at 165-66; *Schmidling v. City of Chicago*, 1 F.3d 494, 495 n.1 (7th Cir. 1993)(dismissing the mayor from suit in his official capacity because the same claims were being made against the city); *Bratton v. Town of Fortville*, No. 1:09-cv-1391, 2010 WL 2291853, at *4 (S.D. Ind. June 2, 2010) (dismissing official-capacity claims against members of town council as duplicative of the claims against the town); *Doffin v. Ballas*, No. 2:12-CV-441-JD-PRC, 2013 WL 3777231, at *8-9 (N.D. Ind. July 18, 2013) (dismissing officers sued in their official capacity because it was duplicative of the claims against the city); *Ball v. City of Muncie*, 28 F.Supp.3d 797, 802 (S.D. Ind. 2014) (finding because the city was "the real party in interest here, the official-capacity claims against [defendant] shall be dismissed as duplicative of the claims against the City.").

Plaintiff incorrectly reads *Ball* when she claims that dismissal of "the counts against the Defendants in their official capacity for failure to state a claim is [a dismissal of] the counts against the government entity." (DE #59 at 2.) The ruling in *Ball* simply dismissed the official capacity claims against an individual defendant, the plaintiff still had claims against the

City of Muncie. *Ball*, 28 F.Supp.3d at 802-03. Also, her argument that her official capacity claims against the individual defendants are not duplicate causes of action misses the point. All of the above-quoted caselaw deals with plaintiffs suing municipalities in addition to government employees, and the courts ruled that the individuals sued in their official capacity should be dismissed as redundant. The same is proper here, the section 1983 claims against the individual defendants sued in their official capacity should be dismissed as duplicative of the claims against the City of Hammond.

II. To the Extent Defendants McDermott, Dabertin, and Taylor Have Been Sued in their Individual Capacities

To establish personal liability under section 1983, Plaintiff must show that the defendant in question "caused the deprivation of a federal right." *Luck v. Rovenstine*, 168 F.3d 323, 327 (7th Cir. 1999) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Here, Taylor was sued in his individual capacity, and Defendants believe there are other allegations in the complaint that try to state individual capacity claims against McDermott and Dabertin too.

Plaintiff has failed to allege facts sufficient to plausibly show that McDermott, Dabertin, or Taylor directly participated in a violation of her constitutional rights. *See Leathem v. City of LaPorte*, No. 3:07-cv-220, 2009 WL 523121, at *6 (N.D. Ind. Feb. 27, 2009) (under section 1983, a "plaintiff must demonstrate that the

defendant participated directly in the alleged constitutional violation."). In this case, Plaintiff has merely alleged that she complained of inspector Nordhoff to Mayor McDermott and Dabertin; and that Taylor offered to fix her roof for $5,000. There are no allegations that these defendants caused a constitutional injury to her, much less that they directly participated in causing harm to Moreno-Avalos.

In her response, Moreno-Avalos cites *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir. 1985), for the proposition that "if a supervisor personally devised a deliberately indifferent policy that caused a constitutional injury, then individual liability might flow from that act." (DE #59 at 2.) However, there are no allegations in the second amended complaint that anyone personally devised a policy to deprive Plaintiff of her constitutional rights. Nor are there even any facts alleged that Dabertin, Koch, or Taylor would even have any "final authority" to make such a policy. Consequently, the facts alleged against defendants McDermott, Dabertin, and Taylor are insufficient to state a cognizable claim. Consequently, any individual claims against defendants McDermott, Dabertin, and Taylor are dismissed with prejudice.

## **CONCLUSION**

For the reasons set forth above, the motion for partial dismissal (DE #55) is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** any and all official capacity claims made under 42

8

U.S.C. § 1983 against Defendants McDermott, Koch, Nordhoff, Dabertin, and Taylor.  The Clerk is also **ORDERED** to **DISMISS WITH PREJUDICE** any and all individual capacity claims made under 42 U.S.C. § 1983 against Defendants  McDermott, Taylor, and Dabertin.  This case remains pending against defendant, the City of Hammond Indiana.  Additionally, Counts IV, V, and VII remain pending against Defendant Nordhoff.


**DATED: January 4, 2017**            /s/ RUDY LOZANO, Judge
                                      United States District Court